DECISION
Archie Hill, defendant-appellant, appeals the September 20, 1999 judgment of the Franklin County Court of Common Pleas finding him guilty of assault, in violation of R.C. 2903.13, a fifth-degree felony.
Appellant, who is confined to a wheelchair, was incarcerated at Corrections Medical Center ("CMC"), in Columbus, Ohio. Lynn Smith is a licensed practical nurse at CMC, Jason Johnson is a corrections officer at CMC, and Tommy Harper is a corrections lieutenant at CMC. On October 5, 1998, Officer Johnson was assisting appellant to his room. On the way back to his room, appellant passed Nurse Smith, who asked him if he wanted to take his medication to which he replied he did. Although appellant's hands were handcuffed, he could still move his arms. Appellant took the small plastic cup that contained two pills, and Nurse Smith offered him a glass of water, which she poured into a styrofoam cup from a pitcher she had gotten out of appellant's cell. However, appellant refused to use the water Nurse Smith had poured because he believed CMC staff members had placed urine in his drinking water. Although Nurse Smith told appellant to drink the water, appellant refused.
Because CMC has a rule that inmates must return medication that they refuse to take, Nurse Smith told appellant that he had to use the water she had poured for him or return the medicine. Nurse Smith claimed that appellant placed the plastic cup in his mouth and clenched his teeth. Nurse Smith told appellant several times that he would have to swallow the pills or give them back. Nurse Smith testified that appellant stated that he would hit her if she tried to take the medicine from him. She also testified that he stated that he would kill her. As Nurse Smith reached for the cup in appellant's mouth, appellant struck her in the arm.
Appellant was indicted for one count of assault pursuant to R.C. 2903.13. A jury trial was held. Nurse Smith testified that the punch knocked her off balance, caused her pain, and she required medical treatment the following day. She also stated that she never grabbed appellant's jaw to retrieve the medicine. She stated she was reaching for the cup that appellant had clenched in his teeth. Officer Jason Johnson and Lieutenant Harper testified that they witnessed the incident, and both testified that appellant struck Nurse Smith two times — once in the arm and once in the side — as she reached for the cup. They testified that Nurse Smith did not squeeze appellant's jaw.
Appellant testified on his own behalf claiming that he acted in self-defense. He testified that he put the pills in his mouth and returned the cup to Nurse Smith. However, because he believed that urine had been placed in the water from his urine pail, he refused to take the water that Nurse Smith had provided for him. Further, he stated that when he requested fresh water, Nurse Smith firmly squeezed his jaw. Appellant also stated he told Nurse Smith that she was hurting him. He claimed that his gums later bled as a result of her squeezing his mouth. He testified that Lieutenant Harper, Officer Johnson, and Nurse Smith were laughing at him during the incident. To stop her from squeezing his jaw, he pushed her hands away from his mouth. Appellant also testified that he was currently incarcerated for twenty-four counts of rape, two counts of kidnapping, and one count of felonious sexual penetration.
After all the evidence was presented, appellant requested an instruction on self-defense, and the trial court so instructed the jury. The jury found appellant guilty, and the court sentenced appellant to eleven months in jail to be served consecutively with his current sentence. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant asserts in his assignment of error that the evidence was insufficient to sustain a conviction, and the conviction was not supported by the manifest weight of the evidence. Specifically, this argument raises two separate issues: Crim.R. 29(A) addresses the sufficiency of the evidence; a manifest weight argument requires a slightly different analysis. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. In Thompkins, the court explained the distinctions at length:
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486 * * *. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45 * * * citing Jackson v. Virginia (1979), 443 U.S. 307 * * *.
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487 * * *. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Black's, supra, at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42 * * *. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175 * * * ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction"). Id. at 386-387.
Revised Code 2903.13 provides, in pertinent part:
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
* * *
 (C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), or (3) of this section, assault is a misdemeanor of the first degree.
* * *
 (2) If the offense is committed in any of the following circumstances, assault is a felony of the fifth degree:
 (a) The offense occurs in or on the grounds of a state correctional institution or an institution of the department of youth services, the victim of the offense is an employee of the department of rehabilitation and correction * * * and the offense is committed by a person incarcerated in the state correctional institution * * *.
Appellant presents no argument in his brief and points to no specific evidence to support any of his assertions. With regard to the sufficiency of the evidence argument, we find that there was sufficient evidence to find: (1) that appellant knowingly caused physical harm to Nurse Smith; (2) that the offense occurred on the grounds of a state correctional institution; (3) that Nurse Smith was an employee of that institution; and (4) that appellant was incarcerated at that institution at the time of the offense. The evidence in this case demonstrates that any rational trier of fact could have found that appellant assaulted Nurse Smith based on the testimony of Nurse Smith, Lieutenant Harper, and Officer Johnson. Therefore, we find that there was sufficient evidence to find appellant guilty of assault, in violation of R.C. 2903.13, beyond a reasonable doubt.
Appellant also argues in his assignment of error that the trial court's decision was against the manifest weight of the evidence. After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we find that the jury did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The main conflict regarding the evidence was the inconsistent testimony between appellant and the three state witnesses as to whether Nurse Smith squeezed appellant's jaw in her attempts to retrieve the cup or medication. The jury apparently chose to believe the version of the events put forth by the state's witnesses. The weight to be given the evidence and the credibility of the witnesses are primarily matters for the finder of fact to determine, and it is not the function of the appellate court to substitute its judgment for that of the factfinder. State v. Grant (1993), 67 Ohio St.3d 465;State v. D'Ambrosio (1993), 67 Ohio St.3d 185. Importantly, we find that the evidence does not "weigh heavily against the conviction," and thus, the assault conviction was not against the manifest weight of the evidence. Based upon the foregoing, appellant's assignment of error is overruled.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 ________________________ BROWN, JUDGE
TYACK and PETREE, JJ., concur.